**Ahmed AL–BEDAIRY, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71089.**
**Agency No. A71–700–282.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 9, 2004.*

Decided Feb. 8, 2005.

---

**4.** 26 U.S.C. § 5861(d) (2003).

**5.** 18 U.S.C. § 922(g)(1) (2003).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Cheryl M. Nance, Bell, Flegenheimer, Leong & Solovy, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Linda S. Wendtland, Esq., Donald A. Couvillon, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

MEMORANDUM**

Ahmed Al–Bedairy, a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ")

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

denial of his application for asylum and withholding of removal.

■ Where the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision, except to the extent that the IJ's decision is expressly adopted. *See Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000). Accordingly, because the BIA articulated that it was affirming the IJ's decision on the basis that the IJ "properly found on the merits" that Al–Bedairy's testimony was not credible, we do not address the IJ's alternative order that Al–Bedairy's application was "pretermitted" because he was convicted of a "particularly serious crime."

■ We must accept the adverse credibility finding if one of the identified grounds is supported by substantial evidence and goes to the heart of Al–Bedairy's claims of persecution in Iraq. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004). On this record, we conclude that the IJ's finding that Al–Bedairy's asylum and refugee applications do not mention the physical abuse he testified to during his removal hearing is supported by substantial evidence. This inconsistency goes to the heart of his claims for asylum and withholding of removal and is not adequately explained by the alleged faulty translations. *See He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir.2003) (apparent inconsistencies based on faulty or unreliable translations may not be sufficient to support a negative credibility finding).

■ Al–Bedairy further argues that the BIA erred in denying his motion to remand proceedings to the IJ for a determination of whether he is eligible for relief under the Convention Against Torture ("CAT"). The BIA explained that the motion was denied because Al–Bedairy failed to "meaningfully address" on appeal the IJ's reasons for finding that his testimony lacked credibility. *See Narayan v. Ashcroft*, 384 F.3d 1065, 1068 (9th Cir.2004) (in ruling on remand motion, the BIA must give "specific, cogent reasons for a grant or denial"). The BIA did not abuse its discretion in denying Al–Bedairy's motion to remand, *see Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999) ("Decisions by the BIA to deny motions to remand ... are reviewed using the abuse of discretion standard."), because Al–Bedairy failed to make a prima facie showing that "it is more likely than not that he ... would be tortured if removed to [Iraq]." 8 C.F.R. § 208.16(c)(2); *see also Hamoui v. Ashcroft*, 389 F.3d 821, 827–28 (9th Cir.2004) (granting petition for review on the basis that petitioner had established prima facie case for CAT relief).

■ Al–Bedairy's due process claim regarding the IJ's role at the hearing is subject to the exhaustion requirement because the claim is in the nature of a procedural error that the BIA could have remedied. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (holding that the court lacked subject-matter jurisdiction because petitioner's due process challenge was "procedural in nature"). Because Al–Bedairy's lawyer did not object at the hearing nor raise the due process argument before the BIA, we lack jurisdiction to review this claim.

**PETITION DENIED.**

THOMAS, Circuit Judge, dissenting.

I respectfully dissent. Whether or not substantial evidence supports the immigration judge's adverse credibility finding is not determinative here. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003) (suggesting that an adverse credibility finding does not defeat an asylum application where additional evidence is offered to support the application). The corroborated evidence Al–Bedairy presented be-

fore the immigration judge is as follows: because of Al–Bedairy's father's political activities in opposition to Saddam Hussein's government, (1) Al–Bedairy's father was executed; (2) Al–Bedairy and his family were imprisoned; and (3) the property of Al–Bedairy's family was confiscated. We have granted the petitions of asylum applicants who recounted similar experiences of persecution. *See Surita v. INS,* 95 F.3d 814, 819 (9th Cir.1996) (holding the BIA erred in finding that petitioner did not suffer from past persecution where petitioner was threatened, robbed on multiple occasions by ethnic Fijians, and her house was looted by Fijian soldiers); *Gonzalez v. INS,* 82 F.3d 903, 906 (9th Cir. 1996) (granting Gallegos's petition for review where Gallegos had been threatened with death, Gallegos had been deprived of a ration card and the freedom to buy goods in the legal market, Gallegos's sister-in-law was beaten in public, and Gallegos's previous husband was held prisoner before being released for health reasons.). Credible evidence that, at the age of eleven, Al–Bedairy was tortured by members of Saddam Hussein's government would, indeed, present a more compelling case for asylum. Al–Bedairy should not be required to convince us that he was tied to the ceiling and hit with electrical wires in order to receive relief.

Furthermore, the failure of Al–Bedairy's refugee and asylum applications to explicitly reveal that he was tortured does not constitute substantial evidence supporting the immigration judge's adverse credibility finding. We have recognized that problems in translation and other difficulties with asylum application preparers should be taken into account. *See Alvarez–Santos v. INS,* 332 F.3d 1245 (9th Cir.2003). Moreover, we have held that a failure to reveal past persecution in the written application is not fatal to an asylum claim.

*See Paramasamy v. Ashcroft,* 295 F.3d 1047, 1052–53 (9th Cir.2003).

Al–Bedairy testified at his immigration hearing that he was tortured by Iraqi government officials at the age of eleven. Al–Bedairy explained why he did not reveal that he was tortured prior to the date of his hearing-he was never provided a competent translator. Al–Bedairy's inability to communicate that he was tortured as a child to individuals who could not easily understand him or who were only interested in hearing a brief explanation of why he sought refugee and asylum status is not an inconsistency that may support the immigration judge's adverse credibility finding.

Al–Bedairy's asylum application was completed by his attorney in English and without the aid of a translator. Al–Bedairy speaks Arabic and only a little English. In order to communicate to his attorney the abused he says to have suffered, Al–Bedairy testified that he unsuccessfully attempted to "show[ ] her in signs how" he had been tortured. That Al–Bedairy's asylum application, prepared without the aid of an interpreter, did state that he was tortured cannot be characterized as an inconsistency that provides a specific and cogent basis for an adverse credibility finding.

Al–Bedairy explained the lack of certain details in this application for refugee status by stating, "There, it was brief I didn't tell them all my life story. I didn't know what to tell them. I didn't know. It was brief, brief. They wanted something very, very brief." In spite of the interviewers' disinterest, Al–Bedairy told the interpreter that he had been tortured, but because the interpreter was Moroccan and thus spoke a different dialect, it was difficult for Al–Bedairy to make himself understood. Al–Bedairy's inability to convey in a short amount of time to an inadequate interpreter that he was tortured as a child cannot

be characterized as an inconsistency that may support an adverse credibility finding.

Regarding his UNHCR Resettlement Registration Form, Al–Bedairy testified that although he was interviewed in Arabic, he understood "very little" of his interpreter's Arabic because the interpreter was Ethiopian or Eritrean. Al–Bedairy testified that he told the U.N. representative that he was tortured and did not know why that information was not included on his application. That this information was not included on the form is not a basis for an adverse credibility finding.

In her order, the immigration judge stated that Al–Bedairy "has a habit of blaming everything on the interpreter." However, when a lack of competent translation is arguably to blame, and where Al–Bedairy's testimony regarding the persecution he and his family suffered was corroborated by other witnesses, Al–Bedairy's failure to effectively communicate that he was tortured prior to his immigration hearing does not constitute substantial evidence supporting the adverse credibility finding.

For the foregoing reasons, I respectfully dissent.