Karen Kevin GRIGORYAN; Sona Arustamyan; Tehmine Grigoryan; Arsen Grigoryan; Mher Grigoryan, Petitioners,

v.

Alberto GONZALES,* Attorney General, Respondent.

Nos. 03–71453, A75–597–437, A75–597–438, A75–597–439, A75–597–440, A75–597–441.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 2, 2004.

Decided March 21, 2005.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Louis A. Gordon, David B. Gardner, Law Offices of David B. Gardner, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Christopher C. Fuller, Janice K. Redfern, Ethan B. Kanter, Margaret M. Newell, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before REINHARDT, WARDLAW, and PAEZ, Circuit Judges.

### MEMORANDUM **

Karen Grigoryan, his wife, Sona Arustamyan, and their three children, Tehmine,

---

** This disposition is not appropriate for publication and may not be cited to or by the

Arsen and Mher Grigoryan, petition for review of the denial of their claims for asylum and withholding of removal to Armenia. They also challenge the Board of Immigration Appeals ("BIA")'s denial of their motion to remand their case for consideration of new evidence and a claim under the Convention Against Torture ("CAT").[1]

## I.

■ Karen Grigoryan applied for asylum on the ground that he had suffered persecution on the basis of his economic philosophy and perceived opposition to certain Armenian government officials. The Immigration Judge ("IJ") held that he could not review Grigoryan's claim for asylum because Grigoryan had filed his application on behalf of himself and his family more than one year after he entered the United States and no exception applied to excuse the untimely filing.[2] *See* INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). We lack jurisdiction to review the IJ's determination that Karen Grigoryan's application for asylum was untimely and that no changed or extraordinary circumstances excused the late filing. *See* INA § 208(a)(3), 8 U.S.C. § 1158(a)(3). Because the Grigoryan children are minors, however, their derivative applications are not time-barred. *See El Himri v. Ashcroft*, 378 F.3d 932, 936 (9th Cir.2004) (as amended).[3] Accordingly, we affirm the

IJ's denial of Karen Grigoryan's and Sona Arustamyan's applications for asylum, and remand so that the BIA can determine the merits of Tehmine, Arsen and Mher Grigoryan's applications.

## II.

■ Grigoryan[4] also argued that he was entitled to withholding of removal because he had shown a clear probability that he would face persecution on account of his political opinion. *See* INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); *El Himri*, 378 F.3d at 937. There is no statutory time limit for bringing a petition for withholding of removal. 8 U.S.C. § 1231(b)(3). This remedy is non-discretionary. *Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001). We have jurisdiction over the IJ's denial of a petition for withholding of removal, *Lanza v. Ashcroft*, 389 F.3d 917, 932 (9th Cir.2004), and we review the IJ's decision for substantial evidence. *Kaiser v. Ashcroft*, 390 F.3d 653, 657 (9th Cir.2004).

The IJ denied Grigoryan's application for withholding of removal. First, the IJ found that Grigoryan had not shown a clear probability that he would face persecution because he had not been "subject to any physical imprisonment, abduction, or abuse" in Armenia. The IJ further found that even if Grigoryan could show persecution, he had not shown that the alleged

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. As the parties are familiar with the facts, we recite them here only as necessary to aid in understanding this disposition.

2. Because the BIA adopted the IJ's decision without opinion, we review the IJ's decision. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003) (as amended).

3. Although the children did not challenge the application of the statute of limitations to their applications before the IJ, we do not

deem this argument waived because *El Himri* was decided after issuance of the IJ's order. *See Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir.2004) (as amended) (stating that this court may consider a new issue not raised below where it arises from a subsequent change in the law).

4. Because the applications of Sona Arustamyan and the Grigoryan children are derivative of Karen Grigoryan's application, all subsequent references are to Mr. Grigoryan.

persecution was on account of his political opinion.

Even if we were to agree with Grigoryan that he suffered persecution, we conclude that substantial evidence supports the IJ's finding that the alleged persecution was not on account of Grigoryan's political opinion. Although Grigoryan claims that he was opposed to the corruption and economic policies of the Armenian government, he did not establish that he was persecuted on account of that opposition. *Cf. Desir v. Ilchert*, 840 F.2d 723, 725, 727–28 (9th Cir.1988) (as amended). Accordingly, we affirm the IJ's denial of Grigoryan's application for withholding of removal to Armenia.

### III.

■ Grigoryan also argues that the BIA abused its discretion in denying his motion to remand for consideration of his CAT claim.[5] We review the BIA's denial of motions to remand or to reopen for abuse of discretion. *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003). The BIA "abuses its discretion when it fails to provide a reasoned explanation for its actions." *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir.2005).

The regulation governing CAT protection provides that an alien, such as Grigoryan, who was ordered removed before March 22, 1999, must file a motion to reopen before June 21, 1999, and demonstrate prima facie eligibility for withhold-

ing or deferral of removal. *See* 8 C.F.R. § 208.18(b)(2)(I). In denying Grigoryan's motion to remand, the BIA did not determine whether Grigoryan had filed a timely motion to reopen or established prima facie eligibility for CAT protection. Indeed, the BIA gave no explanation for its denial of Grigoryan's motion to remand for consideration of his CAT claim. Accordingly, the BIA abused its discretion in denying Grigoryan's motion and we remand so that it may reconsider its decision or provide a reasoned explanation for it.[6]

### IV.

■ Finally, Grigoryan argues that the BIA abused its discretion in denying his motion to remand (or reopen) for consideration of new evidence. Grigoryan contends that the BIA should remand his case to consider the assassination of the former Armenian president, whom Grigoryan had publicly supported. In his motion to remand, Grigoryan also claimed that the former President's assassination may have been politically motivated, in part because the President supported a free economy and opposed corruption. Here, too, the BIA did not provide any explanation for its ruling. Having failed to provide "specific, cogent reasons" for its determination, the BIA abused its discretion. *Movsisian*, at 1098 (quoting *Narayan v. Ashcroft*, 384 F.3d 1065, 1068 (9th Cir.2004)). Thus, we remand this issue to the BIA so that it can

---

5. In light of our disposition, it is unnecessary to address Grigoryan's due process challenge to the BIA's denial of his motion to remand. To the extent that Grigoryan claims that the BIA violated his due process rights by affirming the IJ's decision without opinion, that argument is foreclosed by *Falcon Carriche*, 350 F.3d at 854–55.

6. The Attorney General argues that Grigoryan's motion to reopen to consider his CAT

claim was untimely and that we need not remand to the BIA because the untimeliness of his motion is clear from the record before us. Where the BIA has not made a determination regarding a matter that the statute places primarily in agency hands, however, we must remand so that it may do so in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

reconsider its decision or provide a reasoned explanation for it.

For the above reasons, Grigoryan's petition is **DENIED IN PART, GRANTED IN PART, and REMANDED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.