Humberto **DEL RIO**;  et al., Petitioners,

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

Nos. 04–70827, A77–843–527, A77–843–528, A77–843–529, A77–843–530.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.\*\*

Decided April 11, 2005.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Antonio Reyna Salazar, Esq., Salazar Law Offices, Seattle, WA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Donald E. Keener, Esq., Alison R. Drucker, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

## MEMORANDUM ***

Humberto Del Rio, his wife Ana Luisa Grajales Del Rio, and their two daughters Ana K. Del Rio Grajales and Kathya Del Rio Grajales, all natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' order affirming without opinion an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We re-
view the IJ's factual findings for substantial evidence. *Narayan v. Ashcroft*, 384 F.3d 1065, 1067 (9th Cir.2004). We grant in part, deny in part, and dismiss in part, the petition for review.

The IJ's finding that Del Rio failed to demonstrate that his alleged persecutors were motivated, at least in part, by an imputed political opinion is not supported by substantial evidence. *See Navas v. INS*, 217 F.3d 646, 656 (9th Cir.2000). Although the threats against Del Rio and the murders of his relatives could be attributable to a personal vendetta, Del Rio's testimony and the corroborating news articles establish that the vendetta and accompanying violence was caused, at least in part, by his family's continued political opposition to his alleged persecutors. The protected ground need only constitute one motive for the persecution; it need not be the sole motive. *See id.* at 656. Accordingly, we grant the petition for review regarding asylum and withholding of removal, and remand to allow the Board to determine in the first instance if he establishes the requisite past persecution or likelihood of future persecution. *See INS v. Ventura*, 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Substantial evidence supports the IJ's determination that Del Rio did not establish it is more likely than not that he would be tortured if he returned to Mexico. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003). We therefore deny the petition regarding relief under the CAT.

We lack jurisdiction to review the IJ's determination regarding exceptional and extremely unusual hardship, and therefore dismiss the petition regarding cancellation of removal. *See Romero–Tor-*

---

*res v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

PETITION FOR REVIEW GRANTED in part; DENIED in part; DISMISSED in part; REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.