**Kamal NARAYAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70199.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 2004.

Filed Sept. 16, 2004.

Robert B. Jobe (argued), San Francisco, CA, for the petitioner.

Norah Ascoli Schwarz (argued) and Daniel D. McClain, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for the respondent.

Before HAWKINS, THOMAS, and BEA, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

Kamal Narayan ("Narayan"), an Indo–Fijian, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition.

## I. BACKGROUND

Narayan, an ethnic Indian and citizen of Fiji, whose testimony to the IJ we take as credible,[1] provided the following facts in support of his asylum and withholding of removal claims.

In 1987, in the midst of violence directed at Fijians of East Indian descent occurring during a military coup staged by ethnic Fijians, Narayan was attacked and stabbed by a group of ethnic Fijians.[2] When Narayan sought medical care for his wounds from a local medical facility, he was denied treatment; when he reported the attack to the ethnic Fijian-controlled police, they refused to investigate.

---

1. Because the IJ did not make an explicit credibility finding, we accept Narayan's testimony as true. See Kataria v. INS, 232 F.3d 1107, 1113–14 (9th Cir.2000).

2. Fiji has experienced a series of violent military takeovers, engendered by the resentment of ethnic Fijians against the descendants of East Indian slaves brought to the island nation in the 1800's. Ethnic Fijians control the police and the military; Indo–Fijians dominate commerce and have recently gained an electoral majority. See Gafoor v. INS, 231 F.3d 645, 648–50 (9th Cir.2000).

In 1988, ethnic Fijians burglarized Narayan's apartment several times. During one of those home invasions, he was stabbed a second time. Again, although he reported the invasions to the police, they did nothing. Additionally, when Narayan's sister's house was being burglarized, Narayan approached the house to help, but was warned that he would be stabbed if he got out of his car to try to stop them.

There was also another incident in 1997. When Narayan was on the way to a sports complex, he was "bashed" by a group of ethnic Fijians. Again, the police did nothing. Narayan finally left Fiji in February 1998.

Narayan entered the United States in April 1998 on a tourist visa. When he overstayed the visa, the INS began removal proceedings. Conceding removability, Narayan applied for asylum and withholding of removal.

After a hearing, the IJ denied Narayan's applications, finding that the acts against him did not rise to the requisite level of persecution.[3] Narayan appealed to the BIA, arguing that the IJ's decision that he was not persecuted was not supported by substantial evidence. Separately, Narayan moved for a remand for the IJ to consider new evidence of the worsening conditions in Fiji. The BIA affirmed the IJ's decision and did not address the remand request.

## II. DISCUSSION

■ Because the BIA affirmed without opinion, we review the IJ's decision, as the final agency determination, for substantial evidence. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003); *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000). Under this standard, "a petitioner contending that the [IJ]'s findings are erroneous must establish that the evidence not only *supports* that conclusion, but *compels* it." *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (internal quotation marks omitted).

To qualify for asylum, an applicant must show that he is a refugee under 8 U.S.C. § 1101(a)(42). A refugee is a person unable or unwilling to return to his home country because "of past persecution, or . . . a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion." *Prasad v. INS*, 83 F.3d 315, 318 (9th Cir.1996). The IJ determined that the various actions against Narayan were "on account of his race." The only issue we must decide, then, is whether the acts against Narayan amounted to persecution.[4]

## A. Persecution

■ Narayan must establish either past persecution or a well-founded fear of future persecution. *See* 8 U.S.C. § 1101(a)(42)(A); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1064 (9th Cir.2003). We have defined persecution as "the infliction of suffering or harm upon those who differ . . . in a way regarded as offensive." *See Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.

---

**3.** The IJ said that "[i]t seems what the respondent has left behind is harassment, jealously, and a degree of lawlessness. However, the court does not believe that what he has suffered has reached the level of persecution. . . ." Additionally, the IJ said: "I believe he could continue to be harassed, and possibly robbed, and subject to street crimes, but this does not reach the level of persecution."

**4.** There seems to be no argument about whether the acts against Narayan were committed by the government or forces the government was either unable or unwilling to control. *Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir.2000).

1995) (citations omitted). We have also said that the cumulative effect of several incidents may constitute persecution. *See Surita v. INS*, 95 F.3d 814, 819 (9th Cir. 1996).

In *Surita*, we held that an Indo–Fijian woman who was robbed and repeatedly threatened, although never physically harmed, had suffered persecution within the meaning of the statute. *Surita*, 95 F.3d at 819–20. Similarly, in *Chand v. INS*, 222 F.3d 1066 (9th Cir.2000), we held that an Indo–Fijian was persecuted when he suffered physical abuse at the hands of ethnic Fijian soldiers and was robbed several times. Specifically, we said that "[p]hysical harm has consistently been treated as persecution," and that this is especially true where "an applicant suffers such harm on more than one occasion. . . ." *Chand*, 222 F.3d at 1073–74. In both *Chand* and *Surita*, the petitioners reported the incidents to the police, who did nothing to investigate their claims. *Chand*, 222 F.3d at 1070; *Surita*, 95 F.3d at 819.

Narayan was physically harmed on several occasions, repeatedly robbed, and he, too, was not aided by the police. Just as Surita and Chand suffered persecution, any reasonable fact-finder would also be compelled to find that the acts against Narayan cumulatively amounted to persecution.

██ A showing of past persecution raises a presumption of a well-founded fear of future persecution, which the government may rebut by showing that country conditions have changed so that the asylum applicant's fear of future persecution is no longer reasonable. *See* 8 C.F.R. § 208.13(b)(1). Because the IJ did not apply the regulatory presumption, we remand. *See INS v. Ventura*, 537 U.S. 12, 18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). On remand, the BIA shall

allow the parties to supplement the record with evidence of the current conditions in Fiji. *See Surita*, 95 F.3d at 821.

**B. Motion to Remand**

██ We also consider whether the BIA erred in failing separately to address Narayan's motion to remand to the IJ to consider newly available evidence of worsened country conditions in Fiji. This question of first impression presents an issue of law, which we review *de novo*. *See Kankamalage v. INS*, 335 F.3d 858, 861–62 (9th Cir.2003).

A motion to remand may be considered a part of the appeal to the BIA, specifically, when the motion concerns the remedy requested by the appeal. *See Matter of Coelho*, 20 I & N Dec. 464, 471 (BIA 1992). Otherwise, a motion to remand should be treated as a substantive motion. *See Ramirez–Alejandre v. Ashcroft*, 319 F.3d 365, 374 (9th Cir.2003) (en banc) (though no formal mechanism, remands granted as part of BIA motion practice). Here, the motion to remand asked for new proceedings for the IJ to consider new evidence, a reason separate from the central contention of an appeal based on whether what happened to Narayan constituted persecution.

As the BIA itself has recognized, this form of a motion to remand should be considered separately from the appeal. *Matter of Coelho*, 20 I & N Dec. at 471 (motion to remand not part of the appeal where additional proceedings are sought to present evidence not available during initial proceedings). To guard against piecemeal appeals and to insure this court is presented with a full and complete record, the BIA must address and rule upon remand motions, giving specific, cogent reasons for a grant or denial. Here, the BIA failed to even address Narayan's motion.[5]

---

5. In ruling on the motion to remand, the BIA

will have to decide whether our granting Na-

### III. CONCLUSION

Narayan's credible testimony compels the conclusion that he was persecuted in Fiji. We remand to the BIA for a determination of changed country circumstances. We also hold that the BIA erred in failing separately to address Narayan's motion to remand.

**PETITION GRANTED AND RE-MANDED.**

rayan's petition renders the motion moot.