Anzhela ABAHAMYAN; Gagik Ghazaryan; Anahit Ghazaryan, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

Nos. 03–74467, A75–701–616, A75–701–617, A75–701–618.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Tim Everett, Law Office of Tim Everett, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, Office of Immigration Litigation Civil Division, Washington, DC, for Respondent.

Before GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

MEMORANDUM**

Anzhela Abahamyan, her husband, Gagik Ghazaryan, and their daughter, Anahit Ghazaryan, citizens of Armenia, petition for review of the Board of Immigration Appeals' denial of their applications for asylum and withholding of deportation. We grant the petition and remand.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record con-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sidered as a whole.' " *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Korablina v. INS,* 158 F.3d 1038, 1043 (9th Cir.1998).

Where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Korablina,* 158 F.3d at 1044. Where the BIA determines that the alien was subjected to persecution in the past, a presumption arises that he has a well-founded fear of future prosecution. *See* 8 C.F.R. § 208.13(b)(1); *Korablina,* 158 F.3d at 1043.

This court has defined persecution as "the infliction of suffering or harm upon those who differ ... in a way regarded as offensive." *Narayan v. Ashcroft,* 384 F.3d 1065, 1067 (9th Cir.2004) (citation and internal quotation omitted). "[T]he cumulative effect of several incidents may constitute persecution." *Id.* at 1068. "Physical harm has consistently been treated as persecution, and this is especially true where an applicant suffers such harm on more than one occasion." *Id.* (citation and internal quotation omitted).

The evidence in this case would compel any reasonable factfinder to find that the lead petitioner, Abahamyan, was persecuted for her evangelical Christian religion. Abahamyan, whom the IJ found to be credible, described four incidents in support of her claim of persecution. The most

recent episode triggered her decision to emigrate, and it is the one that most clearly rises to the level of persecution. In that incident, two policemen, some housing representatives, and neighbors came to Abahamyan's home when she was hosting a prayer meeting. The intruders vandalized Abahamyan's home, and scratched and hit Abahamyan. During this event, everyone, including the neighbors, were saying "what a shame, shame on you, well, you have to belong to our Government, Apostolic church." A policeman told Abahamyan: "if one more time I see you having a meeting, I will arrest you and place in a jail [sic]. If you want to pray, go to the Armenian church."

This episode of persecution is compelling, especially in light of the hostility toward minority religions that Abahamyan experienced. Abahamyan described a number of incidents of targeted vandalism, name-calling, and harassment clearly linked to her evangelical Baptist faith, as well as one incident where the police stood by while she was attacked. Moreover, the chairman of Abahamyan's district stated that people should either convert to the Apostolic Armenian Church or be evicted, and thereafter, the people from her church started disappearing one by one.

The totality of these circumstances, credibly recounted by Abahamyan, compels us to hold that any reasonable finder of fact would have to find persecution in this case. *Guo v. Ashcroft,* 361 F.3d 1194, 1197–98, 1202–03 (9th Cir.2004); *Surita v. INS,* 95 F.3d 814, 820 (9th Cir.1996). Therefore, we remand the case to the INS with instructions that the agency determine whether the Government can rebut the presumption that Abahamyan has a well-founded fear of future persecution because she is an evangelical Christian and

whether asylum should be granted.[1]

Petition GRANTED and case RE-MANDED.

1. Upon remand, the INS should also consider
Abahamyan's application for withholding of
deportation.

