Josefina S. CARREON, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 02–72881.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 10, 2004.[*]

Decided Dec. 23, 2004.

---

4. Christensen's motion for bond pending appeal is denied as moot.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Josefina S. Carreon, Vallejo, CA, pro se.

egional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Hillel Smith, Office of Immigration Litigation Civil Division, Department of Justice, Richard M. Evans, Esq., Anthony Wray Norwood, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Petitioner Josefina Carreon ("Carreon"), a 35–year–old native and citizen of the Philippines, petitions pro se for review of a Board of Immigration Appeals ("BIA") final order denying her application for asylum and withholding of deportation. We deny the petition for review.

** This disposition is not appropriate for publication and may not be cited to or by the

## DISCUSSION

Because the BIA affirmed without opinion, we review the Immigration Judge's ("IJ's") decision, as the final agency determination, for substantial evidence. *See Narayan v. Ashcroft,* 384 F.3d 1065, 1067 (9th Cir.2004). "Under this standard, 'a petitioner contending that the [IJ]'s findings are erroneous must establish that the evidence not only *supports* that conclusion, but *compels* it.'" *Id.* (quoting *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995)).

Carreon testified in support of her requests for relief that the New People's Army ("NPA"), a communist guerilla organization in the Philippines, attempted to recruit her because of her nursing skills. Carreon explained that she had feared the NPA since childhood, when the NPA allegedly stole property from her home and harassed her family. The NPA purportedly continued to target Carreon in high school and in college. Although Carreon has had no contact with the NPA since college, she testified that if she returns to the Philippines, she will be forced to go into hiding because she believes the NPA has blacklisted her.

The IJ fully credited Carreon's testimony but determined that "she ha[d] not established that she ha[d] suffered persecution in her home country." In addition, the IJ ruled that Carreon did not have a well-founded fear of future persecution because the evidence indicated both that country conditions had sufficiently changed in the Philippines, such that the NPA is no longer a powerful threat, and Carreon's family, who along with Carreon had been subject to similar risk by the NPA, remained unharmed in the country.

We conclude that there is substantial evidence to support the IJ's determina-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion that Carreon did not qualify for asylum. First, Carreon did not show how the NPA had persecuted her in the past on account of political opinion. The Supreme Court held in *INS v. Elias–Zacarias*, 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), that a guerrilla organization's attempt to conscript a Guatemalan native into its military forces did not necessarily constitute persecution on account of political opinion. Here, as in *Elias–Zacarias*, there was no indication that Carreon's refusal to join the NPA was politically-based or politically-motivated. Moreover, Carreon's contention in her pro se petition for review that the NPA persecuted her because she supported the Imelda Marcos Party is entirely inconsistent with her sworn testimony and her amended declaration.

Second, Carreon failed to demonstrate a well-founded fear of future persecution in light of the evidence that her family continues to reside unharmed in the Philippines and the NPA has significantly reduced its presence and influence in the country. The continued presence of family members in the country of origin does not necessarily rebut an applicant's well-founded fear of future persecution unless there is evidence that the family was "similarly situated or subject to similar risk." ' *See Rios v. Ashcroft*, 287 F.3d 895, 902 (9th Cir.2002) (quoting *Lim v. INS*, 224 F.3d 929, 935 (9th Cir.2000)). Here, Carreon explicitly testified that the NPA did not specifically target her, but rather harassed her whole family. In addition, the U.S. State Department's Human Rights and Labor Report, *Philippines: Profile of Asylum Claims and Country Conditions* (Sep.1998), upon which the IJ relied, confirmed that the NPA had a presence in many parts of the Philippines in the 1980s, when Carreon was a child and teenager, but had reportedly shrunk to fewer than 8,000 members by 1997. This evidence confirmed that country conditions have changed so that Carreon's fear of persecution is no longer reasonable. *See* 8 C.F.R. § 208.13(b)(1)(i)(A). For these reasons, the IJ did not err in denying Carreon asylum.

▪ Because " '[the] clear probability' standard ... for withholding of removal is more stringent than the well-founded fear standard governing asylum," *Al–Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir.2001) (quoting *INS v. Cardoza–Fonseca*, 480 U.S. 421, 449–50, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)), the IJ correctly concluded that Carreon did not qualify for withholding of deportation.

**PETITION FOR REVIEW DENIED.**