**Nithiya NAND; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–72912.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

R.App. P. 34(a)(2).

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Jennifer Lightbody, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Nithiya Nand, his wife, Sharon Lata, and their daughter, Shalini Lata, citizens and natives of Fiji, petition for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Chand v. INS,* 222 F.3d 1066, 1073 (9th Cir.2000), we grant the petition for review and remand for further proceedings.

The lead petitioner, an Indo–Fijian whom the IJ found to be credible, described several incidents in support of his claim of persecution. In the most recent incident, fifteen or sixteen ethnic Fijian attackers forced their way into Nand's home, beat him with a pipe, beat his parents, and looted and destroyed his home and other property. Nand sustained injuries all over his body. In the following months leading up to Nand's departure from Fiji, ethnic Fijians stoned his house every two or three weeks, threatening him and his family because of their race. Nand was also attacked by ethnic Fijians in 1987 and 1999, each time sustaining physical injuries. The totality of these circumstances would compel any reasonable fact-finder to find persecution in this case. *See Narayan v. Ashcroft,* 384 F.3d 1065, 1067 (9th Cir.2004) ("[p]hysical harm has consistently been treated as persecution, and ... this is especially true where an applicant suffers such harm on more than one occasion") (citation and internal quotation omitted).

Accordingly, we remand the case to the BIA with instructions that the agency determine whether the Government can rebut the presumption that Nand has a well-founded fear of future persecution. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). In light of our decision on the asylum claim, we also direct the BIA on remand to address the merits of Nand's claim for withholding of removal. *See id.*

The IJ denied Nand's CAT claim prior to our decisions in *Zheng v. Ashcroft,* 332 F.3d 1186 (9th Cir.2003) and *Reyes–Reyes v. Ashcroft,* 384 F.3d 782 (9th Cir.2004), holding that government consent or acquiescence in acts of torture can support a CAT claim. We therefore remand Nand's CAT claim so that the agency can make an initial determination under the appropriate standard. *See Ventura,* 537 U.S. at 16, 123 S.Ct. 353.

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.