Filomeno De Leon AGUILAR; Irma Violeta Ramos De Leon; Ana Patricia De Leon Ramos; Edy Fernando De Leon Ramos; Josue Arturo De Leon Ramos, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–73986.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 2, 2005.*

Decided Feb. 15, 2006.

Amos Lawrence, Esq., San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Jennifer Paisner, Esq., U.S. Department of Justice, Washington, DC, Danial E. Bennett, Esq., Office of the U.S. Attorney, Savannah, GA, for Respondent. Agency Nos. A72–120–768, A73–395–564, A76–858–343, A76–858–344, A76–858–345.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

**MEMORANDUM** \*\*

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Filomeno De Leon Aguilar ("De Leon") petitions for review of a final order issued by the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") denial of asylum and withholding of removal. De Leon's wife and three children filed derivative petitions. We deny review.

## DISCUSSION

To qualify for asylum, De Leon was required to show he was unwilling to return to Guatemala "because of persecution or a well-founded fear of persecution on account of ... political opinion." *See Khup v. Ashcroft,* 376 F.3d 898, 903 (9th Cir. 2004) (internal quotation omitted). To obtain withholding of removal, De Leon was required to show he would more likely than not be subjected to persecution if forced to return to Guatemala. *See id.* at 905. Because the BIA summarily affirmed, we review the IJ's opinion. *See Mansour v. Ashcroft,* 390 F.3d 667, 671 (9th Cir.2004). The IJ's findings are reviewed for substantial evidence. *See Narayan v. Ashcroft,* 384 F.3d 1065, 1067 (9th Cir.2004).

■ De Leon claims he was persecuted after he stopped participating in mandatory civil patrols and refused to report to the military. He left his home and family, worked in more remote areas of Guatemala, and returned home only infrequently to give money to his wife. Over a year after he first left home, he learned that three armed men had twice come to his home looking for him and had threatened his wife with death if she did not disclose his location.

The IJ credited De Leon's testimony but nonetheless concluded that the death threat "did not reach the level of persecution" and cannot "reasonably be attributed to ... political opinion, actual or imputed." We agree. Although the circumstances cited by De Leon may support an infer-

ence that the military sought to persecute him, that inference is clearly not "compelled." *See Ramadan v. Gonzales,* 427 F.3d 1218, 1223 (9th Cir.2005). As the IJ noted, the threat to De Leon's wife occurred over a year after he quit the patrol and was summoned by the military. The men were dressed in civilian clothes and did not identify themselves. Although they threatened to come back, they never did and apparently lost interest in locating De Leon. These undisputed circumstances permitted the IJ to reject De Leon's contention that the threats were related to his failure to patrol or report to the military and, accordingly, that the threats were not attributable to imputed political opinion.

■ The IJ ruled alternatively that even if De Leon suffered past persecution, conditions in Guatemala have changed so that De Leon would not likely suffer future persecution. We agree. Although there is ambiguity in the record regarding the human rights conditions in Guatemala, we have held that in such instances, "it is entirely appropriate for the BIA to bring its expertise to bear upon the matter and decide which portions of the [State Department] report are relevant to the applicant." *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 999 (9th Cir.2003) (internal quotation and citation omitted). We conclude the IJ here rationally construed "an ambiguous and somewhat contradictory country report" and provided "an individualized analysis of how changed conditions will affect the specific petitioner's situation." *See id.* at 1000 (internal quotation omitted).

Finally, because De Leon did not establish his eligibility for asylum, he failed to meet the more stringent requirements for withholding of removal. *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1097 (9th Cir. 2005). His ineligibility for relief also means his wife's and children's derivative

petitions fail. *See Khourassany v. INS,* 208 F.3d 1096, 1097 n. 1 (9th Cir.2000).

**PETITIONS FOR REVIEW DENIED.**