MEMORANDUM **
Rodolfo Alejandro Maldonado Cruz, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals’ (“BIA”) order summarily affirming an immigration judge’s (“IJ”) order denying his applications for cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the IJ’s factual determinations. See Gormley v. Ashcroft, 364 F.3d 1172, 1176 (9th Cir.2004). We deny in part and grant in part the petition for review and remand.
Substantial evidence supports the IJ’s determination that Maldonado Cruz failed to establish eligibility for asylum. Maldonado Cruz testified that he was a youth leader in the Catholic church, his cousin was a member of the military, and unidentified persons shot at him and his cousin. Maldonado Cruz also testified that certain groups tried to recruit him. Neither his testimony, nor any other evidence in the record, compels the conclusion that Maldonado Cruz was persecuted or would be persecuted on account of a protected ground. See Tecun-Florian v. INS, 207 F.3d 1107, 1109-10 (9th Cir.2000) (upholding agency decision where petitioner failed to establish a nexus between the harm and his religious beliefs or political opinions).
Because Maldonado Cruz failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. See Gormley, 364 F.3d at 1180.
Maldonado Cruz also failed to establish eligibility for CAT relief because he did not show it was more likely than not that he would be tortured by authorities or individuals acting in an official capacity if he returned to Peru. See 8 C.F.R. § 208.16(c)(2).
We review for abuse of discretion the BIA’s ruling on a motion to remand based upon marriage to a United States citizen. See Lara-Torres v. Ashcroft, 383 F.3d 968, 972 (9th Cir.2004), amended by 404 F.3d 1105 (9th Cir.2005). The BIA abused its discretion by failing to provide *803 specific, cogent reasons for its decision not to remand Maldonado Cruz’s case to the IJ. See Narayan v. Ashcroft, 384 F.3d 1065, 1068 (9th Cir.2004) (the BIA must address and rule upon remand motions, giving specific, cogent reasons for a grant or denial.) Accordingly, we remand to the BIA for further proceedings.
Finally, Maldonado Cruz’s contention that the BIA’s decision to streamline violates due process is foreclosed by Falcon Carriche v. Ashcroft, 350 F.3d 845, 850-51 (9th Cir.2003).
PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.