**Darwin Gonzalo DELA CRUZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75021.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 2006.*

Filed Nov. 27, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Emmanuel G. Guerrero, Esq., Law Offices of Emmanuel G. Guerrero, Honolulu, HI, for Petitioner.

Fed. R.App. P. 34(a)(2).

HI–District Counsel, Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Darwin Gonzalo Dela Cruz petitions for review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming the Immigration Judge's ("IJ") finding that Dela Cruz was removable under § 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(B)(i). Dela Cruz argues that he cannot be removed for his drug conviction because he qualifies for Federal First Offender Act ("FFOA") treatment under 18 U.S.C. § 3607. Dela Cruz also argues that the BIA erred in failing to grant or address his motion to remand for consideration of new evidence unrelated to his drug conviction.

Dela Cruz was placed in removal proceedings after he was convicted of three crimes: Promoting a Dangerous Drug in the Third Degree, Haw.Rev.Stat. § 712–1243; Prohibited Acts Related to Drug Paraphernalia, Haw.Rev.Stat. § 329–43.5; and Abuse of a Family or Household Member, Haw.Rev.Stat. § 709–906. Dela Cruz was sentenced for his drug convictions in 2003 under Hawaii's rehabilitative statute,

Haw.Rev.Stat. § 706–622.5. That statute provides that the court shall, upon written application, expunge a first-time offender's formal conviction after the person has "successfully completed" probation. Dela Cruz was sentenced to five years of probation on each of the two drug counts, with the sentences to run concurrently.

The IJ found that Dela Cruz was removable based on his dangerous drug conviction under 8 U.S.C. § 1227(a)(2)(B)(i) for "violati[ng] ... a state law relating to a controlled substance as defined in Section 102 of the [C]ontrolled [S]ubstances [A]ct, 21 U.S.C. [§ ]802." The IJ denied Dela Cruz's application for cancellation of removal.

While Dela Cruz's appeal of the IJ's decision was pending before the BIA, Dela Cruz filed a motion to remand based on new evidence, claiming that his conviction for domestic abuse had been set aside.

The BIA adopted and affirmed the IJ's decision and further held that the drug paraphernalia conviction was an independent ground for removal. The BIA did not address Dela Cruz's motion to remand.

█ We deny the petition with respect to Dela Cruz's FFOA claim. We have held that "no alien may be deported based on an offense that could have been tried under the [Federal First Offender] Act, but is instead prosecuted under state law, where the findings are expunged pursuant to a state rehabilitative statute." *Lujan–Armendariz v. INS*, 222 F.3d 728, 749 (9th Cir.2000). However, the conviction must be expunged at the time of removal proceedings; it is insufficient that the conviction may be expunged in the future when and if the person completes probation. *Chavez–Perez v. Ashcroft*, 386 F.3d 1284,

1291–92 (9th Cir.2004). Dela Cruz is not entitled to FFOA treatment because his convictions have not been expunged.

 We grant the petition with respect to Dela Cruz's motion to the BIA to remand for new evidence, which the BIA failed to address. The BIA must address and rule upon remand motions, "giving specific, cogent reasons for a grant or denial." *Narayan v. Ashcroft,* 384 F.3d 1065, 1068 (9th Cir.2004).

The petition for review is **DENIED** in part, **GRANTED** in part, and **REMANDED.**

*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.