**Alexander Ulises REYES, aka Santos Hector Villatoro, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70675.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed June 6, 2007.

Alexander Ulises Reyes, El Centro, CA, pro se.

District Director, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Ernesto H. Molina, Jr., Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Alexander Ulises Reyes, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal of an immigration judge's ("IJ") order of removal as an aggravated felon and denial of his applications for asylum, withholding of removal, relief under the Convention Against Torture, and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review questions of law de novo, *Narayan v. Ashcroft*, 384 F.3d 1065, 1068 (9th Cir.2004), and grant the petition for review.

The BIA construed Reyes's timely-filed appellate brief as a motion to remand, and denied the motion because Reyes did not establish eligibility for relief. This was error because Reyes did not seek to offer

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

new evidence, but rather mounted a legal challenge to the IJ's decision that he was convicted of an aggravated felon, and requested remand as a remedy. *See Matter of Coelho,* 20 I. & N. Dec. 464, 471 (BIA 1992) ("Where a motion to remand simply articulates the remedy requested by an appeal, we treat it as part of the appeal and do not require it to conform to the standards for consideration of motions."); *see also Narayan,* 384 F.3d at 1068 (motion to remand is part of appeal where motion concerns remedy requested by appeal). The BIA should have remanded the case once it concluded that the IJ erred in ruling that Reyes had been convicted of an aggravated felony.

We deny Reyes's motion for appointment of counsel.

**PETITION FOR REVIEW GRANTED; REMANDED.**