**Natalino Luis DA SILVA, Petitioner,**

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

No. 04–74674.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 **.

Filed Dec. 10, 2007.

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Karla Kraus, San Diego, CA, for Petitioner.

District Counsel, Office of the District Counsel, San Diego, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Anh–Thu P. Mai, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM ***

Natalino Luis Da Silva, a native and citizen of Portugal and lawful permanent resident of the United States, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his motion to terminate removal proceedings and finding him removable for participating in alien smuggling. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review findings of fact for substantial evidence, *Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir. 2005), and we review de novo questions of

law, *Narayan v. Ashcroft*, 384 F.3d 1065, 1068 (9th Cir.2004). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review Da Silva's contention that the IJ erred and violated his due process rights by refusing to continue the case to allow transcripts of the witnesses' sworn statements to be admitted, because Da Silva failed to join the government's motion for a continuance or to challenge the IJ's denial of the government's motion either at the hearing or before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

■ Da Silva claims that he did not know that the female passenger he attempted to drive across the border lacked documentation to legally enter the United States. However, the immigration official who conducted the secondary inspection interviews testified consistently with the I–213 that both of Da Silva's passengers told him that Da Silva did know the female passenger lacked documents. Accordingly, substantial evidence supports the IJ's determination that Da Silva knowingly assisted the female passenger's attempt to enter the United States in violation of law. *See Moran*, 395 F.3d at 1091–92.

Da Silva's contention that the BIA should have separately addressed his request for remand lacks merit. *See Narayan*, 384 F.3d at 1068 ("A motion to remand may be considered a part of the appeal to the BIA, specifically, when the motion concerns the remedy requested by the appeal."); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation). To the extent Da Silva challenges the BIA's streamlining procedure, the challenge is foreclosed by *Falcon*

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Carriche v. Ashcroft,* 350 F.3d 845, 852 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.