**Rajeshwar SINGH; Mohini Lata Singh; Ravikash R. Singh; Avikash A. Singh, Petitioners,**

v.

**Eric H. HOLDER, Jr.\*, Attorney General, Respondent.**

**Rajeshwar Singh; Mohini Lata Singh; Ravikash R. Singh; Avikash A. Singh, Petitioners,**

v.

**Eric H. Holder, Jr.\*, Attorney General, Respondent.**

Nos. 04–73844, 07–72789.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2009.

Filed Feb. 18, 2009.

\* Eric Holder is substituted for his predecessor, Michael Mukasey, as Attorney General. Fed. R.App. 43(c)(2).

Ashwani K. Bhakhri, Joseph J. Siguenza, Esquire, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioners.

Mark A. Merva, Esquire, U.S. Department of Justice, Washington, DC, Joan Estelle Smiley, Esquire, Claire Workman, Blair T. O'Conner, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, CANBY and HAWKINS, Circuit Judges.

MEMORANDUM **

Petitioner Rajeshwar Singh, his wife Mohini Lata Singh, and their two children, natives and citizens of Fiji who are of Indian descent, petition for review of the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Board of Immigration Appeals' ("BIA's") denial of their 1999 applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Petitioners also seek review of the BIA's denial of their motion to reopen asserting changed country conditions due to a 2006 military coup in Fiji.

Singh submitted an application for asylum and withholding of removal, claiming persecution on account of the family's ethnicity. The record shows that Singh was attacked, robbed, and threatened with death if he did not abandon the land he and his family were occupying in Fiji. He was also locked in the trunk of his taxi. The assailants then rolled the taxi into a ditch, resulting in significant physical injury to Singh. His wife and one of his sons were also brutally attacked. The record reflects widespread violence against Indo–Fijians, including letters from Singh's relatives concerning physical attacks, robberies, and death threats.

The IJ made a finding of adverse credibility, which the BIA overturned. We must, therefore, accept the petitioner's testimony as true. *Kataria v. INS,* 232 F.3d 1107, 1113 (9th Cir.2000).

Although the BIA found that the petitioner had failed to show that the police were unable or unwilling to protect him, the record demonstrates that the police received the petitioner's reports of violence toward him and his family, yet did nothing. We have previously recognized the indifference of authorities to violence against Indo–Fijians during the period at issue in this case. *See, e.g., Narayan v. Ashcroft,* 384 F.3d 1065, 1067 (9th Cir.2004); *Chand v. INS,* 222 F.3d 1066, 1074 (9th Cir.2000). There is no suggestion in the record that the 2006 coup improved the situation for these petitioners, or for any Indo–Fijians.

The record thus compels the conclusion that the petitioners suffered persecution in the past on the basis of their ethnicity, and face a clear probability of future persecution on that basis if they were to return. The petition to review the BIA's denial of asylum and withholding of removal must be granted. Petitioners have not, however, shown a likelihood that they will be tortured if removed to Fiji, and the BIA properly denied the claim for relief under CAT.

The petition for review of the denial of asylum and withholding of removal is granted. The matter is remanded to the agency for the granting of withholding of removal, and for the exercise of discretion with respect to asylum.

Petition GRANTED.