MEMORANDUM **
Svitlana Balan and her minor son, natives and citizens of the Ukraine, petition for review of the Board of Immigration Appeals’ (“BIA”) decision dismissing their appeal from an immigration judge’s denial of their application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency’s decision unless the evidence compels a contrary conclusion. Chand v. INS, 222 F.3d 1066, 1073 (9th Cir.2000). We grant the petition and remand.
The record compels the conclusion that the harms Balan suffered—two beatings, attempted rape, stoning of her house, and death threats—constitute past persecution, regardless of whether she sought medical attention for her physical injuries. See id. at 1073-74 (“Physical harm has consistently been treated as persecution.”); see also Lopez v. Ashcroft, 366 F.3d 799, 803 (9th Cir.2004) (An applicant’s failure to “seek medical treatment ... is hardly the touchstone of whether [the harm] amounted to persecution.”). Moreover, Balan’s credible testimony that the police refused to assist her despite her numerous requests for help—laughing in one instance as she was being beaten—establishes that the government was unwilling to control her persecutors, see Narayan v. Ashcroft, 384 F.3d 1065, 1066-68 (9th Cir.2004), thus it is irrelevant whether the record contains additional evidence supporting Balan’s contention that the Ukrainian government was unwilling to control her persecutors, see Kataria v. INS, 232 F.3d 1107, 1114 (9th Cir.2000).
Because Balan has established that she suffered past persecution, she is entitled to a presumption of a well-founded fear of future persecution. See Tawadrus v. Ashcroft, 364 F.3d 1099, 1103 (9th Cir. 2004).
Accordingly, we grant the petition and remand to allow the BIA to determine whether Balan’s presumption of a well-founded fear is rebutted in the first instance. See INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
*581 PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.