**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JAIME JAVIER MENDOZA-HERNANDEZ, | No. 07-70307 |
| Petitioner, | Agency No. A094-108-591 |
| v. | MEMORANDUM [*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

Jaime Javier Mendoza-Hernandez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for withholding of removal and relief under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo claims of due process violations, *see Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006), and for substantial evidence the agency's adverse credibility findings, *see Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir. 2007).  We deny in part and grant in part the petition for review.

We deny the petition for review with respect to Mendoza-Hernandez's withholding of removal claims.  Former gang members are not a protected social group.  *See Arteaga v. Mukasey*, 511 F.3d 940, 945-46 (9th Cir. 2007) (former gang members are not a protected social group).  Similarly, refusal to join a gang and opposition to gang activity is not a political opinion.  *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 746-47 (9th Cir. 2008) (opposition to gang activity does not constitute a political opinion); *Barrios v. Holder*, 581 F.3d 849, 855-56 (9th Cir. 2009) (refusal to join a gang does not constitute a political opinion).

We grant the petition with respect to Mendoza-Hernandez's motion to the BIA to remand, which the BIA failed to address. The BIA must address and rule upon remand motions, "giving specific, cogent reasons for a grant or denial." *Narayan v. Ashcroft*, 384 F.3d 1065, 1068 (9th Cir. 2004).  We express no opinion as to the merits of Mendoza-Hernandez's underlying claim for CAT relief or his due process claims as they relate to his eligibility for CAT relief.

2

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

**REMANDED.**