**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAKAN DINCER, | No. 11-71610 |
| Petitioner, | Agency No. A089-662-058 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 14, 2015
San Francisco California

Before: M. SMITH, NGUYEN, and FRIEDLAND, Circuit Judges.

Hakan Dincer petitions for review of a Board of Immigration Appeals'

(BIA) decision denying his applications for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT). We have jurisdiction

pursuant to 8 U.S.C. § 1252, and we grant the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The immigration judge's (IJ) adverse credibility finding was not supported by substantial evidence. The IJ failed to adequately consider Dincer's credibility in light of the totality of the circumstances, as the REAL ID Act required her to do. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Though Dincer struggled to provide a few relevant dates during his asylum interview, he promptly self-corrected all but two trivial inconsistencies in dates, and provided overall consistent testimony throughout his asylum application, asylum interview, and removal hearing. Dincer's two trivial inconsistencies in dates are insufficiently substantial to support an adverse credibility determination. *See Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091-92 (9th Cir. 2014); *Ren v. Holder*, 648 F.3d 1079, 1086-86 (9th Cir. 2011).

The IJ also faulted Dincer for providing inconsistent reasons for his difficulty in remembering dates, but it is entirely possible that Dincer had some trouble recalling dates because of both his illness and the fact that traumatic events can be hard to recall with precision. "[I]n evaluating inconsistencies . . . an [IJ] should consider . . . the petitioner's explanation for a perceived inconsistency and other record evidence that sheds light on whether there is in fact an inconsistency at all." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (citation omitted). The IJ failed to weigh both Dincer's plausible explanations and his aunt's credible testimony that corroborated both the severity and the dates of Dincer's illness. The

2

IJ erred in concluding that there was "certainly no independent evidence" to adequately explain Dincer's difficulty during the interview because, absent an explicit finding that the aunt lacked credibility, the IJ should have treated her testimony as presumptively credible. *See She v. Holder*, 629 F.3d 958, 964 (9th Cir. 2010). Thus, the fact that Dincer provided two different but compatible explanations for his difficulty with dates does not support the adverse credibility finding.

The alternate finding that Dincer did not suffer past persecution in Turkey is not supported by substantial evidence. The IJ and the BIA failed to cumulatively weigh the multiple incidents of past persecution suffered by Dincer.[1] The BIA did not mention the harm suffered by Dincer's father and brother, which it should have considered as additional support for his claims of persecution. *See Ahmed v. Keisler*, 504 F.3d 1183, 1197 (9th Cir. 2007). The BIA also underplayed the severity of the physical harm inflicted upon Dincer, which included several serious beatings, hospitalization, and permanent scarring, and failed to consider that this physical harm was inflicted multiple times and over a period of several years. *See Narayan v. Ashcroft*, 384 F.3d 1065, 1068 (9th Cir. 2004) (noting that "'[p]hysical

---

[1]Because we reverse the adverse credibility finding, we now must accept Dincer's testimony "as true for the purposes of the remaining analysis." *Quan v. Gonzales*, 428 F.3d 883, 888 (9th Cir. 2005).

harm has consistently been treated as persecution' . . . especially . . . where 'an applicant suffers such harm on more than one occasion'") (quoting *Chand v. INS*, 222 F.3d 1066, 1073-74 (9th Cir. 2000)).

The BIA properly concluded that Dincer's persecution was "on account of" a protected ground. 8 U.S.C. § 1101(a)(42)(A); *see Knezevic v. Ashcroft*, 367 F.3d 1206, 1210 (9th Cir. 2004) ("Claims of persecution based on race and nationality often overlap. Recent cases use the more precise term of ethnicity, which falls somewhere between and within the protected grounds of race and nationality.") (citation and internal quotation marks omitted). We grant the petition for review, and remand Dincer's asylum, withholding, and CAT claims to the BIA for further proceedings consistent with this disposition. On remand, Dincer's testimony should be deemed credible. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1094-95 (9th Cir. 2009).

**PETITION GRANTED.**