NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIELA GUADALUPE SALGADO-SARAVIA, | No. 18-73152 |
| Petitioner, | Agency No. A208-759-709 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2021[**]
San Francisco, California

Before: BYBEE, R. NELSON, Circuit Judges, and WHALEY,[***] District Judge
Partial Dissent by Judge WHALEY

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

Petitioner Gabriela Guadalupe Salgado-Saravia, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals ("BIA") and immigration judge's ("IJ") (collectively, "Agency") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and the BIA's denial of a motion to remand. We have jurisdiction under 8 U.S.C. § 1252. "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review for abuse of discretion the denial of a motion to remand. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013). We deny the petition for review.

Substantial evidence supports the Agency's determination that Salgado-Saravia failed to establish membership in her proposed particular social group. *See* 8 U.S.C. § 1101(a)(42)(A) (providing that an applicant must be a member of her proposed social group). Assuming without deciding that Salgado-Saravia's proposed particular social group ("women in El Salvador unable to leave their relationship") is cognizable[1], the evidence in the record does not compel the conclusion that Salgado-Saravia fits within this definition because she was able to

---

[1] The Agency relied on the reasoning articulated in *Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (BIA 2014), and distinguished, based on immutability grounds, the proposed group formulated as "married women in Guatemala who are unable to leave their relationship" from Salgado-Saravia's proposed group.

leave her relationship with her former partner. The BIA affirmed the IJ's factual determination that Salgado-Saravia was not a member of her proposed particular social group because she was not married to or in a long-term relationship with her former partner. The IJ found that Salgado-Saravia engaged in a short-term intimate relationship that lasted approximately 5 months during which time she left him on two different occasions. Salgado-Saravia testified[2] that after living with him for about a month or month and a half, she left him to reside with her family. She returned to live with her partner for several months and subsequently left him a second time to live with her uncle. When her former partner tried to force her to return, bystanders intervened and threatened to call law enforcement, after which her former partner fled and subsequently left her alone. The record does not compel a finding contrary to the BIA's.[3] *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

Because Salgado-Saravia has not shown eligibility for asylum, she necessarily fails to meet the more stringent standard to be eligible for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

---

[2] The IJ found that the petitioner testified credibly.
[3] Because substantial evidence supports the BIA's conclusion that Salgado-Saravia was not a member of her proposed particular social group, we do not reach the other grounds discussed by the BIA.

Substantial evidence also supports the Agency's denial of CAT relief because Salgado-Saravia failed to show that it is more likely than not that upon removal to El Salvador she will be tortured by or "at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity." 8 C.F.R. §1208.l8(a)(l); s*ee also Nuru v. Gonzales*, 404 F.3d 1207, 1216–18 (9th Cir. 2005). The Agency reasoned there was inadequate evidence of government "acquiescence" in torture specified by Salgado-Saravia based on the entire record, which includes Salgado-Saravia's testimony that her former partner (who is not a public official) had an uncle in the local police department. The Agency weighed this factor against evidence demonstrating the Salvadorian government "actively, albeit not entirely successfully, combats" the illegal activities she fears. The record does not compel a contrary finding.

Finally, the BIA did not abuse its discretion by denying a motion to remand. *See Angov v. Lynch*, 788 F.3d 893, 897 (9th Cir. 2015). A motion to remand is a substantive motion and the BIA must address and give specific, cogent reasons for its grant or denial. *Narayan v. Ashcroft*, 384 F.3d 1065, 1068 (9th Cir. 2004). Salgado-Saravia argued the Attorney General's decision in *Matter of A-B-* was an "unprecedented" decision that represented a fundamental change in the law. *See* 27 I. & N. Dec. 316 (A.G. 2018). She explained that "remand is appropriate" to permit her the "opportunity to submit evidence" showing the "formulation of her

particular social group to be in line with *Matter of A-B-*." The Agency, however, articulated reasons supporting its denial of a remand. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1080–82 (9th Cir. 2020).

**PETITION DENIED.**

*Salgado-Saravia v. Garland*, No. 18-73152

WHALEY, J., dissenting in part:

Although I agree with the majority's disposition on Salgado-Saravia's CAT claim and motion to remand, I respectfully disagree with denying the petition for review on Salgado-Saravia's asylum and withholding of removal claims.

The majority denies the petition for review on Salgado-Saravia's asylum and withholding of removal claims based on the determination that Salgado-Saravia is not a member of her proposed social group. However, this is not a basis on which the BIA denied these claims. Rather, the BIA determined that Salgado-Saravia's proposed social group was not cognizable because it lacked immutability and was impermissibly circular. This Court "cannot affirm the BIA on a ground upon which it did not rely." *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019) (citation and internal quotation marks omitted). For this reason, the scope of this Court's inquiry into whether Salgado-Saravia has a viable social group should be limited to the BIA's immutability and circularity determinations.

As to the grounds on which the BIA did rely—immutability and circularity—I would grant the petition for review and remand in light of this Court's recent intervening decision in *Diaz-Reynoso v. Barr*, 968 F.3d 1070 (9th Cir 2020). In *Diaz-Reynoso*, we concluded the BIA's analysis of whether the petitioner's social group was impermissibly circular was legally deficient based on

language identical to the BIA's language in this case. *See Diaz-Reynoso*, 968 F.3d at 1082. We also determined that not every element of a proposed social group must be immutable, explaining that "the BIA's precedent establishes that we may consider the entirety of a proffered social group to determine whether the petitioner has established all of the requirements for a cognizable group: an immutable characteristic, particularity, and social distinction." *Id.* at 1084.

Because the BIA did not have the benefit of *Diaz-Reynoso* when it rendered its decision, I would grant the petition and remand to allow the BIA to address in the first instance the application of *Diaz-Reynoso* to Salgado-Saravia's asylum and withholding of removal claims.