**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANUEL RICARDO ZAMBRANO-
ACEVEDO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-6202

Agency No.
A241-025-803

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 18, 2025**
Pasadena, California

Before: WARDLAW, MENDOZA, and JOHNSTONE, Circuit Judges.

Manuel Ricardo Zambrano-Acevedo ("Zambrano"), a native and citizen of

El Salvador, petitions for review of a decision of the Board of Immigration

Appeals ("BIA") dismissing his appeal from the Immigration Judge's ("IJ") denial

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of asylum based on a determination of firm resettlement in Mexico.[1]  *See* 8 U.S.C. § 1158(b)(2)(A)(vi); 8 C.F.R. § 1208.15 (2020).  We have jurisdiction under 8 U.S.C. § 1252(a).  We deny the petition for review.

Zambrano's sole contention before us is that the BIA abused its discretion by failing to address his request for remand so that the IJ could determine whether he was removable to Mexico under Mexican law.[2]  Zambrano argued to the BIA that he was not removable to Mexico because he lost his Mexican permanent resident status by operation of Mexican law: first, when he definitively departed from Mexico, and second, when he received status in the United States in the form of withholding of removal from El Salvador.  He asked the BIA to "remand this matter so that the Immigration Judge may hold further proceedings to consider the legality of [his] removal . . . to Mexico based on Mexican Immigration Law."  Dismissing his appeal, the BIA reasoned that a later revocation of permanent resident status "does not rebut the finding that he had an offer of firm resettlement"

---

[1]    The IJ granted Zambrano withholding of removal from El Salvador and declined to reach his application for protection under the Convention Against Torture ("CAT") from El Salvador.  The IJ denied Zambrano's applications for asylum, withholding of removal, and CAT protection as to Mexico.  Zambrano does not challenge any of these determinations.

[2]    Zambrano does not challenge the IJ's determinations that he received an offer of firm resettlement and that the conditions of his residency in Mexico were not "so substantially and consciously restricted by the authority of [Mexico] that he . . . was not in fact resettled," 8 C.F.R § 1208.15(b) (2020).

in Mexico.  The BIA did not explicitly address Zambrano's request for a remand on the issue of removability.

We review the BIA's denial of a motion to remand for abuse of discretion. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097–98 (9th Cir. 2005).  "[T]he BIA abuses its discretion when it fails to provide a reasoned explanation for its actions." *Id.* at 1098.  *See Narayan v. Ashcroft*, 384 F.3d 1065, 1068 (9th Cir. 2004) ("[T]he BIA must address and rule upon remand motions, giving specific, cogent reasons for a grant or denial.").  However, even if we construe Zambrano's request as a motion to remand and assume that the BIA abused its discretion by failing to address it, we decline to remand because it would be an "idle and useless formality." *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (citation omitted).

Here, Zambrano failed to meet the applicable standard for a motion to remand because he did not present material and previously unavailable evidence showing a "reasonable likelihood" that he would succeed, on remand, in proving that he is no longer removable to Mexico.  *See* 8 C.F.R. § 1003.2(c)(1) (stating motion to reopen standard); *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1183 (9th Cir. 2023) (clarifying application of "reasonable likelihood" standard to motions to reopen); *see also Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023) ("[T]he formal requirements of the motion to reopen and those of the motion to remand are for all practical purposes the same." (citation omitted)).  The

IJ designated Mexico as the country of removal pursuant to 8 U.S.C. § 1231(b)(2)(B), which permits a noncitizen to designate an adjacent foreign territory for removal if the noncitizen "has resided in" that territory. Zambrano's contention that he no longer possesses Mexican residency is not material to the determination of whether he "has resided in" Mexico, and Zambrano provides no support for his argument that his removability depends on the current validity of his Mexican residency. Moreover, the cited provisions of Mexican law, last amended in 2014, were not unavailable at the time of Zambrano's immigration hearings, particularly given his argument that he lost his Mexican residency "upon . . . filing for asylum [from Mexico]." Accordingly, "[w]e believe that no additional information would be available that previously was not, and a remand [to the BIA] therefore would be futile." *Ortiz-Magana v. Mukasey*, 542 F.3d 653, 658 n.1 (9th Cir. 2008).

**PETITION DENIED.**[3]

---

[3] Zambrano's Motion for Stay of Removal (Dkt. No. 5) is denied as moot. The temporary stay of removal shall remain in effect until issuance of the mandate.