**Jayesh Amrut PATEL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 05–73465, 06–70869.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 13, 2007.

Martin Avila Robles, Esq., Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Arthur L. Rabin, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Jayesh Amrut Patel petitions for review of the Board of Immigration Appeals' (BIA) denials of his motions to reopen and remand. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition. We review for abuse of discretion. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir.2005).

■ In its decision in May 2005, the BIA properly conducted a separate analysis of Patel's appeal and motion to remand. *See Narayan v. Ashcroft*, 384 F.3d 1065, 1068 (9th Cir.2004) (requiring separate consideration where motion and appeal seek different remedies). The BIA denied his appeal by adopting the reasoning of the Immigration Judge (IJ). *See Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) (allowing the BIA to adopt an IJ's reasoning). In light of the conflict within the record regarding the ineffective assistance claim, it was not an abuse of discretion, *see Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000) (reciting standard of review), to reject Patel's argument that his claim was so clear that he need not comply with *Matter of Lozada's* requirements. *See* 19 I. & N. Dec. 637, 639 (BIA 1988).

** This disposition is not appropriate for publication and is not precedent except as provid-

■ The BIA did not abuse its discretion when it denied the motion to remand because, regardless of Patel's credibility, the record established that he had not exercised due diligence. *See Socop–Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir.2001) (en banc). Despite knowing that he was in deportation proceedings, he failed to check on the status of his case for ten years. Similarly, when he retained new counsel, he only belatedly pursued his ineffective assistance claim. In these circumstances, declining to remand was appropriate, and not an abuse of the BIA's discretion. *Reyes v. Ashcroft*, 358 F.3d 592, 595 (9th Cir.2004) (reciting standard of review).

■ The BIA properly denied Patel's final motion to reopen as untimely under 8 C.F.R. § 1003.2(c)(2) in February 2006. To establish eligibility for equitable tolling, a petitioner must establish due diligence. *See Socop–Gonzalez*, 272 F.3d at 1193. Patel did not do so.

**PETITION DENIED.**