Graciela PENA, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–75573.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Frank P. Sprouls, Law Office Of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Jeffrey J. Bernstein, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

## MEMORANDUM **

Graciela Pena, a native and citizen of Mexico, petitions for review from the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order pretermitting her application for cancellation of removal on the ground that she is barred from establishing good moral character. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review, and remand for further proceedings.

The IJ concluded that Pena was statutorily ineligible for cancellation of removal, based on her testimony that she provided money to assist her sons to enter the United States without inspection. The agency did not have the benefit, however, of this court's decision in *Moran v. Ashcroft*, 395 F.3d 1089, 1093–94 (9th Cir.2005) (stating that "the alien-smuggling provision ... does not operate to deny the applicant statutory eligibility ... for cancellation of removal ... because the Attorney General may waive the applicability of the alien-smuggling provision" when the applicant assisted his or her spouse or child to enter the United States in violation of the law). Under *Moran*, Pena may be eligible for a family unity waiver, and the agency improperly pretermitted her application for cancellation of removal. *See id.*

In accordance with *INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), we remand for further proceedings consistent with this decision.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.