MEMORANDUM **
Graciela Pena, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals’ (“BIA”) order summarily affirming an immigration judge’s (“IJ”) order pretermitting her application for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review findings of fact for substantial evidence, Wang v. INS, 352 F.3d 1250, 1257 (9th Cir.2003), and we review de novo questions of law, Narayan v. Ashcroft, 384 F.3d 1065, 1068 (9th Cir.2004). We deny the petition for review.
Substantial evidence supports the IJ’s finding that Pena was statutorily barred from establishing good moral character. See 8 U.S.C. § 1101(f). Pena’s testimony that she sent money to her sons in Mexico with the intent that it be used for a border crossing guide to assist them to enter the United States is evidence that she “knowingly aided and abetted the venture by providing an affirmative act of help, assistance, or encouragement” in their efforts to illegally enter the United States. See Urzua Covarrubias v. Gonzales, 487 F.3d 742, 748-49 (9th Cir.2007) (holding that an alien who had “helped [his brother] out, paying his crossing” had participated in alien smuggling). The IJ did not fail to comply with the procedural safeguards for obtaining admissions when it received Pena’s testimony admitting she had paid her sons’ smugglers, where Pena was being questioned under oath in the presence of his attorney. See id.
Pena’s contentions regarding her eligibility for a family unity waiver are not availing. See Sanchez v. Holder, 560 F.3d 1028, 1033-35 (9th Cir.2009) (en banc).
PETITION FOR REVIEW DENIED.
ORDER
The government’s petition for panel rehearing is granted.
The memorandum disposition filed on March 12, 2008, 269 Fed.Appx. 779, is hereby withdrawn and simultaneously replaced with a new memorandum disposition to be filed separately.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.